1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT MARSHALL PENNEBAKER,              No.  2:14-cv-2147 AC

12                    Plaintiff,

13          v.                               ORDER

14   SACRAMENTO COUNTY SHERIFF
     FREE-STAFF "MS. KATHY" COOK IN
15   KITCHEN,

16                    Defendant.

17

18          Plaintiff is a county inmate proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and has filed an application to proceed in forma pauperis.  This proceeding was

20   referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff has

21   consented to the jurisdiction of the magistrate judge.  ECF No. 6.

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's inmate trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4    § 1915(b)(2).

5                          I.  SCREENING STANDARD

6       The court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17    Cir. 1989); Franklin, 745 F.2d at 1227.

18       A complaint must contain more than a "formulaic recitation of the elements of a cause of

19    action;" it must contain factual allegations sufficient to "raise a right to relief above the

20    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient

21    for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader

22    might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal

23    Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)).  Rather, the complaint "must contain

24    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

25    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

26    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

27    reasonable inference that the defendant is liable for the misconduct alleged."  Id.

28       In reviewing a complaint under this standard, the court "must accept as true all of the

1 factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing

2 Twombly, 550 U.S. at 555 56), construe those allegations in the light most favorable to the

3 plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir.

4 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all

5 doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital

6 Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).

7                                       II.  THE COMPLAINT

8         Plaintiff alleges that on June 24, 2014, the following interaction took place between him

9 and "Ms. Kathy," a cook in the kitchen, who is a member of the "free-staff":

10        I was entering the kitchen to find my Direct Supervisor "Carlito."  I
          was asked by "Ms. Kathy," where the fuck are you going?  I stated
11        "I'm going to speak to my boss Carlito."  She said "Every cook in
          here is your boss, so take your black ass up out my kitchen."
12

13 ECF No. 1 at 3.  Plaintiff alleges that "she has done it again since then 2 times."  Id.  Plaintiff also

14 alleges that he reported the matter to "her supervisor," who said he had spoken to her.  Id., at 2.

15 "Yet, she still uses racial connotations talking to me."  Id.

16                                      III. LEGAL STANDARDS

17        To state a valid claim under 42 U.S.C. § 1983, "the complaint must allege facts which, if

18 true, would show that the defendants, while acting under color of State law, subjected the plaintiff

19 to the deprivation of a constitutional right."  Padilla v. Lynch, 398 F.2d 481, 482 (9th Cir. 1968).

20 Further, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a

21 defendant and show an affirmative link between the injury and the conduct of that defendant.

22 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("plaintiff must allege

23 with at least some degree of particularity overt acts which defendants engaged in that support the

24 plaintiff's claim") (internal quotation marks omitted).

25                                       IV.  ANALYSIS

26        Under controlling Ninth Circuit law, racial slurs and other verbal abuse uttered by state

27 actors – standing alone – do not violate a prisoner's constitutional rights.

28        As for being subjected to abusive language directed at his religious

1         and ethnic background, "'[v]erbal harassment or abuse ... is not
2         sufficient to state a constitutional deprivation under 42 U.S.C.
      § 1983.'"   Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th
3         Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th
      Cir. 1979)).   We hold, therefore, that Freeman fails to raise a
4         genuine issue as to a constitutional violation on the basis of the
      alleged abusive epithets.

5   Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (footnote omitted); Burton v. Foulk, 2014

6   WL 1794463, at *5 (E.D. Cal. 2014) (Drozd, M.J.) ("[P]laintiff alleges that the defendants

7   subjected him to racial slurs, threats and verbal abuse.  However, verbal harassment or abuse

8   alone is not sufficient to state a cognizable claim under § 1983") (citing Oltarzewski, 830 F.2d

9   at 139); Hinton v. Brandon, 2013 WL 497020, at *2 (E.D. Cal. 2013) (Claire, M.J.) ("allegations

10  of verbal harassment are not cognizable under § 1983") (citing Rutledge v. Arizona Bd. of

11  Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719

12  (1983)).

13        Specifically, verbal harassment, standing alone, does not violate the Eighth Amendment

14  proscription against cruel and unusual punishment.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th

15  Cir. 1996) ("verbal harassment generally does not violate the Eighth Amendment," especially

16  where there was no evidence "that these comments were unusually gross even for a prison

17  setting").  Moreover, such harassment, standing alone, does not violate the Fourteenth

18  Amendment's requirement of equal protection under the law.  Accord, Freeman, 125 F.3d at 738

19  & 738 n.6 ("[a]lthough not itself rising to the level of a constitutional violation, prison officials'

20  use of abusive language directed at an inmate's religion may be evidence that prison officials

21  acted in an intentionally discriminatory manner," but the verbal abuse alone is "not sufficient to

22  state a constitutional violation").

23        The question before this court is not whether the alleged verbal abuse of prisoners,

24  including the use of racially charged language, should or should not occur in county jails.  The

25  only question here is whether such alleged conduct by county jail employees violates any "rights,

26  privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C.

27  § 1983.  According to the law of the Ninth Circuit, by which this court is bound, it does not.

28        The complaint will therefore be dismissed, but plaintiff will be granted leave to amend.

1

V.  AMENDMENT

2          If plaintiff chooses to amend the complaint – and he is not obligated to do so – he must

3  demonstrate how the conditions complained of have resulted in a deprivation of his constitutional

4  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

5  specific terms how each defendant is involved in the deprivation of rights.  There can be no

6  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

7  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

8  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

9  Furthermore, vague and conclusory allegations of official participation in civil rights violations

10  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

12  make plaintiff's amended complaint complete.  An amended complaint be complete in itself

13  without reference to any prior pleading.  E.D. Cal. R. 220.  This is because, as a general rule, an

14  amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d

15  896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original

16  complaint and renders it without legal effect . . .").  Once plaintiff files an amended complaint,

17  the original pleading no longer serves any function in the case.  Therefore, in an amended

18  complaint, as in an original complaint, each claim and the involvement of each defendant must be

19  sufficiently alleged.

20

VI.  CONCLUSION

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3), is GRANTED.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26  Sheriff of Sacramento County, filed concurrently herewith.

27          3.  Plaintiff's complaint (ECF No. 1), is DISMISSED for the reasons stated above, with

28  leave to file an amended complaint.

5

1        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4    assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original

5    and two copies of the amended complaint; failure to file an amended complaint in accordance

6    with this order will result in a recommendation that this action be dismissed.

7    DATED: January 16, 2015

8    _____

9    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28